# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:15cv110

| | |
|---|---|
| EARL F. ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' cross motions for summary judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 9] and **GRANT** the Motion for Summary Judgement [# 11].

## I.     Procedural History

Plaintiff filed an application for disability insurance benefits on March 20, 2012. (Transcript of Administrative Record ("T.") 188-94.) Plaintiff alleged an onset date of March 12, 2012. (T. 188.) The Social Security Administration

denied Plaintiff's claim. (T. 120-23.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 124-27.) Upon Plaintiff's request for a hearing, a disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 56-90, 133-34.) The ALJ then issued a decision finding that Plaintiff was not disabled from March 16, 2012, through the date of the decision. (T. 55.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-7.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, __ F.3d __, 2016 WL 3349355, at *2 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, __ F.3d __, 2016 WL 3349355, at *2.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is

unable to perform claimant's past work. Monroe, __ F.3d __, 2016 WL 3349355, at *2. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, __ F.3d __, 2016 WL 3349355, at *2. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, __ F.3d __, 2016 WL 3349355, at *2. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, __ F.3d __, 2016 WL 3349355, at *2.

**III. The ALJ's Decision**

In his September 12, 2014, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act since March 12, 2012. (T. 55.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

(2) The claimant has not engaged in substantial gainful activity since March 12, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: degenerative disc disease and obesity (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c).

(6) The claimant is capable of performing past relevant work as a registered nurse. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from March 12, 2012, through the date of this decision (20 CFR 404.1520(f)).

(T. 45-55.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social

security benefits.  Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).  The scope of judicial review, however, is limited.  The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, __ F.3d __, 2016 WL 3349355, at *8.  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Craig, 76 F.3d at 589 (internal quotation marks omitted).  It is more than a scintilla but less than a preponderance of evidence.  Id.  When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  Id.  Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

### V.     Analysis[1]

Plaintiff raises two specific objections to the decision of the ALJ.  First,

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Plaintiff contends that the ALJ erred by failing to properly evaluate the demands of Plaintiff's past relevant work. Second, Plaintiff contends that the ALJ erred in making his credibility determination. Upon a review of the record and the relevant legal authority, the Court finds that neither of these alleged errors requires remand.

**A. Plaintiff's Past Relevant Work**

The ALJ found that Plaintiff was capable of returning to his past relevant work as a registered nurse. (T. 54.) Plaintiff contends that the ALJ erred in reaching this decision because the decision fails to set forth a function-by-function analysis of the Plaintiff's past work by setting out the physical and mental demands of his past job and comparing them to the RFC, as required by SSR 82-62, 1982 WL 31386 (1982).

SSR 82-62 sets forth the requirements for a decision by an ALJ finding that a claimant can meet the demands of past relevant work. Specifically, SSR 82-62 provides:

> A decision that an individual is not disabled, if based on sections 404.1520(e) and 416.920(e) of the regulations, must contain adequate rationale and findings dealing with all of the first four steps in the sequential evaluation process.
>
> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.

> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

1982 WL 31386, at *4 (1982). Here, the ALJ complied with these requirements.

Upon consideration of the record, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and obesity. (T. 45.) The ALJ went on to determine that Plaintiff had the RFC to perform the full range of medium work. (T. 49.) The ALJ found that Plaintiff's alleged mental impairments were not severe and did not warrant additional limitations in the RFC. (T. 46-54.) The record is also clear that the ALJ considered the physical demands of Plaintiff's prior job as a nurse, including the demands of that job as reported by Plaintiff. (T. 54-55, 71, 254-59.) Finally, the ALJ determined that Plaintiff's RFC would permit a return to his past job as a nurse. (T. 54-55.) Accordingly, the ALJ satisfied the requirements of SSR 82-62.

The fact that the ALJ did not specifically set forth mental demands of Plaintiff's prior job as a nurse is not cause for remand because the RFC had no mental limitations; the RFC limited Plaintiff to the full range of medium work. Thus, there was no reason for the ALJ to set forth the mental demands of a nursing job in determining whether Plaintiff could return to his past relevant work. The

Court finds that the ALJ committed no reversible error in comparing the demands of Plaintiff's prior job as a nurse to the RFC limiting Plaintiff to the full range of medium work.[2]

**B. The ALJ's Credibility Determination**

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's statements regarding his pain and symptoms. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds

---

2  The Court notes that Plaintiff does not challenge the RFC determination of the ALJ in a separate assignment of error supported by legal authority, as required by this Court. See e.g. Pope v. Colvin, No. 2:13-CV-8-FDW, 2014 WL 944609, at *2 (W.D.N.C. Mar. 11, 2014) (Whitney, C.J.); McClellan v. Colvin, Civil No. 1:12-ccv-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Howell, Mag. J.); Haynes v. Colvin, Civil No. 2:12-cv-4-MR-DLH, 2013 WL 5729538 (W.D.N.C. Oct. 22, 2013) (Howell, Mag. J.). In fact, Plaintiff, who is represented by counsel, only raises two assignments of error: that the ALJ failed to properly evaluate the demands of Plaintiff's past relevant work and erred in assessing Plaintiff's credibility.

that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ applied this two-step process in assessing Plaintiff's statements regarding her symptoms. (T. 50-54.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to

produce some of the symptoms Plaintiff alleged. (T. 50.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Id.)

The ALJ also provided detailed and specific reasons for why the ALJ found Plaintiff's testimony was not fully credible. (T. 50-54.) The ALJ found that the objective medical findings in the record and the medical treatment prescribed were not consistent with the degree of impairment alleged by Plaintiff. (T. 50.) The ALJ then discussed these medical findings and treatments in significant detail, explaining how they were inconsistent with Plaintiff's alleged impairments. (T. 50-53.) For example, the ALJ pointed out that Plaintiff ambulated independently and that Dr. Goodson advised Plaintiff to lose 15 pounds and to exercise 20-25 minutes every day. (T. 50-53.) The ALJ also took into account Plaintiff's activities of daily living, including the fact that Plaintiff drove his mother to appointments, shopped for groceries, and washed laundry. (T. 53.) As the regulations make clear, Plaintiff's daily activities are relevant to the ALJ's determination as to the severity of Plaintiff's symptoms. 20 C.F.R. § 404.1529(c)(i).

In contrast to Plaintiff's contention to the contrary, the ALJ did not engage

in improper sit and squirm jurisprudence. In his decision, the ALJ noted his observations of Plaintiff at the hearing:

> Additionally, the claimant testified that his back hurts so bad that he is sedentary and spends most of his time sitting or lying on the couch. However, the undersigned notes that the claimant appeared to move well when he got up to leave the hearing.

(T. 53.) While an ALJ may not solely base his or her credibility determination on his or her observations during the hearing, Jenkins v. Sullivan, 906 F.2d 107, 108 (4th Cir. 1990), an ALJ may include in the decision his or her personal observations as one of many factors that influence his or her credibility determination, see SSR 96-7p, 1996 WL 374186, at *8 (Jul. 2, 1996) ("In instances in which the adjudicator has observed the individual, the adjudicator is not free to accept or reject the individual's complaints solely on the basis of such personal observations, but should consider any personal observations in the overall evaluation of the credibility of the individual's statements."); Case v. Colvin, No. 1:12-cv-00287-MOC-DLH, 2013 WL 6191036 (W.D.N.C. Nov. 26, 2013) (adopting the Memorandum and Recommendation of the Magistrate Judge); Massey v. Astrue, CA No. 3:10-2943-TMC, 2012 WL 909617, at * 4 (D.S.C. Mar. 16, 2012). Thus, while the ALJ could not have relied on his personal observations of Plaintiff's ability to ambulate as the sole basis for finding Plaintiff's statements

regarding the intensity of his pain and symptoms not fully credible, the ALJ was free to consider these observations as part of his overall evaluation. Moreover, even if the ALJ's reliance on his personal observations was improper, substantial evidence – the medical records and Plaintiff's activities of daily living - supports the credibility determination of the ALJ.

Finally, the ALJ did not err in considering Plaintiff's work history. Plaintiff contends that the ALJ erred in his credibility determination because he failed to consider his prior work history. The decision, however, makes clear that the ALJ considered Plaintiff's work history in rendering his decision. The ALJ noted Plaintiff's earning records. (T. 43.) The ALJ specifically found that Plaintiff had not engaged in substantial gainful activity since March 12, 2012. (T. 45.) The ALJ noted that Plaintiff reported to a doctor that he had to stop working because of back pain. (T. 46.) Specifically, the ALJ stated that:

> The claimant reported that he had to stop working because of back
> pain and not because of mental impairments . . . . He stated that he
> was depressed because he cannot work.

(Id.) The ALJ went on to reference Plaintiff's long work history as a nurse in the decision. (T. 50, 52-55.)

The record is clear that the ALJ was familiar with Plaintiff's work history and considered Plaintiff's work history in making his credibility determination.

-13-

There is no requirement that the ALJ specifically reference the work history in his analysis and discuss in detail specifically how it factored into his credibility determination. Accordingly, the Court finds that the ALJ considered Plaintiff's prior work in determining Plaintiff's credibility and remand is not required.

Upon a review of the evidence in the record, the Court finds that the ALJ did not err in making a credibility determination, and this Court will not reweigh the evidence. While Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and it is not the role of this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible or to substitute the judgment of this Court for that of the ALJ. See Craig, 76 F.3d at 589. The Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible was the result of the application of the proper legal standard and is supported by substantial evidence in the record. As such, remand is not required based on the alleged error of the ALJ to assess Plaintiff's credibility.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 9] and **GRANT** the Motion for Summary Judgement [# 11].

Signed: September 2, 2016

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).