UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cv-00110-MOC-DLH

| | | |
|---|---|---|
| **EARL F. ARMSTRONG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review

-1-

at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

**(A)  Plaintiff's Objections**

The plaintiff has lodged two sets of objections. Plaintiff's first series of objections relate to plaintiff's past relevant work, SSR 82-62, and plaintiff's Residual Functional Capacity (RFC). Plaintiff contends that the Administrative Law Judge (ALJ) failed to evaluate the demands of the plaintiff's past work. Pl. Objections 1 (#17). The plaintiff argues that the magistrate judge failed to address the arguments that the ALJ misinterpreted a doctor's finding and that it takes little mental limitation to disqualify someone as a registered nurse. Plaintiff further argues that the ALJ failed to perform a function-by-function analysis as required by SSR 82-62. Plaintiff also argues that the magistrate judge dismissed out-of-hand a contention about the plaintiff's RFC.

Plaintiff's second set of objections allege that the ALJ failed to provide adequate reasons for his credibility determinations. Plaintiff writes that the "Magistrate Judge is mistaken." Pl. Objections 6 (#17). In a series of six paragraphs beginning with "The Magistrate Judge did not address," plaintiff argues that the magistrate judge failed to incorporate a number of purported credibility concerns in his written Memorandum and Recommendation. Each set of objections are reviewed *seriatim.*

**(B)  Discussion**

Federal courts reviewing the ALJ's decision must not "re-weigh conflicting

evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The decision before the court is not whether the plaintiff is disabled, but instead whether the ALJ's decision was supported by substantial evidence. Id. Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

**(B.1) Plaintiff's First Set of Objections**

With regard to the first set of plaintiff's objections, the ALJ did not set out the mental demands involved in the job as a registered nurse. See Transcript at 55. Even so, this is not error. The plaintiff's RFC contained no mental limitations as the ALJ found that the alleged mental impairments were not severe. Transcript 46-54. The ALJ limited the plaintiff to the full range of medium work and compared the job of nursing to the full range of medium work.

The ALJ did mention that he gave substantial weight to the opinion of a consultative expert, Dr. Duszlak. Plaintiff claims that it is inconsistent that the ALJ would give substantial weight to the expert's opinion then disregard purported limitations in plaintiff's mental functioning. It was not inconsistent. None of the statements of this expert definitively conclude that plaintiff had a mental impairment that would inhibit his ability to perform his work. The expert opined that plaintiff: "may at times have some difficulty with detailed tasks…due to some limited concentration or pain distracting him;" plaintiff did "not report major problems in this area;" "would probably go to work on a regular basis…from a psychiatric standpoint;" and had only "mild difficulty in dealing with stress." (Transcript 47, 422-23) (emphasis added). It is not the job of this court to re-weigh the

available evidence before the ALJ. The court can determine whether the ALJ's decision had substantial evidence upon which to base his determination. The court finds that he did have sufficient evidence. The court further finds that it was not inconsistent to give substantial weight to this expert's report without expanding it to provide for a definitive mental impairment where there was not one given.

Finally, the plaintiff alleges that the magistrate judge dismissed out-of-hand an argument about plaintiff's RFC because it was not plead in accordance with the magistrate judge's guidelines. In social security cases, the plaintiff's assignments of error form the basis for judicial review. As such, it is incumbent upon counsel to adequately brief and articulate a client's assignments of error.

The magistrate judge in this case is on record as noting that he will "strike any brief submitted by counsel in a social security case that does not separately set forth each alleged error legal authority supporting each of the claimant's alleged errors." Stines v. Colvin, No. 1:12-cv-121, 2013 WL 4442032, at *5 (W.D.N.C. Aug. 16, 2013). The plaintiff cites the magistrate judge's instruction in full, then asks the court what way he should structure a brief so that it is most useful to the judges of this District. This court cannot speak for other judges in the District, let alone the federal judiciary as a whole, but can remind counsel that it is appreciated when counsel follow clearly articulated instructions, especially if they are aware of such instructions prior to filing documents with the court. Further, clearly delineating the claims of error promotes judicial efficiency by facilitating the identification of assignments of error.

The plaintiff argues that the magistrate judge did not consider this argument at all

-4-

because it was not clearly articulated but was otherwise briefed. The magistrate judge, in a footnote, noted that the plaintiff and counsel raised two assignments of error. Accordingly, the magistrate judge issued a written Memorandum and Recommendation related to those two assignments of error.

The court will assume *arguendo* that the plaintiff may now raise this assignment of error, even though it was not part of the case presented previously. The district court reviews the case *de novo*. The task before the court is to determine whether substantial evidence supports the ALJ's finding regarding plaintiff's RFC. The court finds that the ALJ had substantial evidence for such a finding.

The plaintiff bears the burden at Step Four to demonstrate that he is disabled. See Monroe v. Colvin, __ F.3d __, 2016 WL 3349355 at *2 (4th Cir. 2016). The ALJ and two state-agency psychological consultants reviewed the record and found that the plaintiff had no moderate or severe impairments in social functioning; the activities of daily living; concentration, persistence, or pace; and no episodes of decompensations. Indeed, each of these three individuals rated the plaintiff with mild or no restriction in each of these areas.

A January 2012 declaration from plaintiff noted that his medication caused poor memory, poor concentration, zero energy, and weak hands. Transcript 239. Notably, this January 2012 declaration found that the plaintiff was unable to work since March 2012. Transcript 239-41. Moreover, the plaintiff complained of mental impairments but refused to see a medical specialist in psychiatry. Transcript 46, 362. Further, the plaintiff's declaration is inconsistent with medical reports elsewhere in the record that noted that the plaintiff's medication was helpful without side effects. See, e.g. Transcript 51-52, 458-59,

465-66, 479, 489.

The court finds that the plaintiff has not met his burden. The ALJ's opinion regarding the RFC was based upon substantial evidence. Accordingly, the plaintiff's first set of objections are denied.

**(B.2) Plaintiff's Second Set of Objections**

Plaintiff's second set of objections center on the ALJ's assessment of plaintiff's credibility. It is not the role of a federal court to determine whether a social security plaintiff's testimony during administrative proceedings was fully credible. Craig, 76 F.3d at 589. That is the province of the ALJ. The federal court's task regarding credibility is to determine whether the ALJ applied the appropriate standard in assessing credibility and whether the ALJ's decision was supported by substantial evidence. Id. This court finds that the ALJ did so here and that the decision was supported by substantial evidence.

When an ALJ assesses a claimant's pain and other symptoms, the ALJ conducts a two-step process. Id. at 594. First, the ALJ asks whether there is a medically-determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. If the ALJ finds that the claimant suffers from such an impairment, the ALJ proceeds to step two. At this second step, the ALJ evaluates the intensity and persistence of the pain as well as the extent to which the claimant's symptoms impair his ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. The evaluation takes into account all of the available evidence, including medical history, laboratory findings, testimony of the claimant and others, and other objective medical evidence. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ applied the two-step process appropriately. The ALJ determined that the plaintiff's medically-determinable impairments could reasonably be expected to produce at least some of the symptoms that plaintiff alleged. Transcript 50. At the second step, the ALJ found that the plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible." Transcript 50.

Plaintiff objects. The court has considered the plaintiff's numerous arguments regarding credibility. *Inter alia*, the plaintiff contends that the ALJ did not provide an adequate bridge between his evidence and his conclusion. Pl. Objections 6-7 (#17). In addition, the plaintiff argues that the ALJ did not consider the claimant's work history, improperly considered observations during the hearing, and inappropriately relied on medical evidence that the claimant's pain was improving. Pl. Objections 7-8 (#17). While there are additional arguments, each fail as a matter of law.

The court is unpersuaded by each of the objections raised by the plaintiff. The ALJ's decision is clear that he referenced the claimant's long work history. Transcript 50, 52-55. The ALJ was free to include his personal observation at the hearing as one of many factors that influence the credibility determination. See SSR 96-7p, 1996 WL 374186 at *8 (Jul. 2, 1996). The ALJ properly considered the plaintiff's ability to do the activities of daily living, including driving his mother to appointments, shopping for groceries, and washing laundry. Transcript 53. Such activities may appropriately be factored into the ALJ's credibility determination. 20 C.F.R. § 404.1529(c)(i).

With regard to plaintiff's ability to pay for treatment, plaintiff alleges that the ALJ made an improper inference regarding the level of treatment. Treatment notes that plaintiff

was satisfied with the level of pain control offered by his medications. See Transcript 50-52. For example, notes in November 2013, December 2013, and January 2014 detailed that plaintiff's medications were helpful and improved his functional status. Transcript 52, 458-59, 460-61, 463-64. If plaintiff was unable to obtain such medication, these notations would be unreasonable. It would be a reasonable assumption based on the treatment notes that plaintiff was obtaining and taking the medication. That is not an unreasonable inference. The ALJ did not hold against plaintiff any potential failure to seek or obtain treatment.

Plaintiff raises another objection related to the allegedly improper evaluation of Armstrong's attention and concentration. That line of argument repeats the findings of Dr. Duszlak mentioned above. The court is again unpersuaded by the argument.

The court will not re-weigh the evidence or make the credibility determination itself. Instead, the court must determine whether the ALJ applied the proper legal standard and had substantial evidence for his conclusion. The ALJ's opinion is rife with detailed reasons for his credibility determination. See Transcript 50-52. For example, treatment records from October 2012, March 2013, and January 2014 note that the claimant was satisfied with his level of pain control, which puts them in conflict with plaintiff's allegations of disabling pain. See Transcript 51-52, 458, 479, 489. Indeed, the plaintiff was able to work with the same condition and the same treatment for a period of several years. Transcript 52-53.

The court may not substitute its own judgment for that of the ALJ. Put simply, the ALJ gave detailed and specific reasons for his credibility determination. Transcript 50-54. The ALJ described medical evidence in the record and treatments in detail and explained

inconsistencies with the claimant's allegations. Transcript 50-53. The ALJ did not commit error. The ALJ had substantial evidence upon which to base his determination that the claimant's claims were not credible. Accordingly, the plaintiff's Motion for Summary Judgment will be denied.

**(C)     Conclusion**

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#14) is **AFFIRMED,** defendant's Motion for Summary Judgment (#11) is **GRANTED,** and plaintiff's Motion for Summary Judgment (#9) is **DENIED**.

The Clerk is directed to enter a Judgment dismissing the case.

Signed: November 8, 2016



Max O. Cogburn Jr
United States District Judge